THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BRADLEY CARL TORGESON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LAKE STEVENS, a municipal corporation,<br><br>    and<br><br>PAUL HENDERSON, in his capacity as a police officer for the City of Lake Stevens, and as an individual,<br><br>    Defendants. | Case No. C08-1633JCC<br><br>ORDER |

This matter comes before the Court on Defendant City of Lake Stevens ("the City's") Motion for Summary Judgment (Dkt. No. 15), Plaintiff's Response (Dkt. No. 18), and the City's Reply (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in its entirety for the reasons explained herein.

//

//

ORDER
PAGE - 1

## I. BACKGROUND

Defendant Paul Henderson, while on vehicle patrol and during the course of employment as a police officer for the Lake Stevens Police Department, pulled over Plaintiff Bradley Carl Torgeson, handcuffed him, and arrested him for driving while intoxicated. (Compl. ¶¶ 10, 14, 15 (Dkt. No. 1 at 3–4).) The Marysville Municipal Court dismissed the charges, unable to make a factual determination that probable cause existed. (*Id.* ¶¶ 20, 21.) In the present action, Plaintiff alleges that he was injured during the course of the arrest (*id.* ¶ 16) and makes claims against Henderson and the City under 42 U.S.C. § 1983 and common-law negligence. (Compl. (Dkt. No. 1).)

## II. DISCUSSION

### A. Summary Judgment Standard.

Summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### B. Plaintiff Has Not Shown a Direct Causal Nexus Between the Official Policy or Custom of the City of Lake Stevens and the Alleged Constitutional Violations.

Plaintiff alleges that Henderson and the City are liable under 42 U.S.C. § 1983 for Fourth Amendment deprivations stemming from his arrest by Henderson, but Plaintiff fails to clearly articulate the theory on which the City's liability rests.

A municipality may not be held liable under 42 U.S.C. § 1983 under a *respondeat superior* theory; rather, a plaintiff must show that the unlawful government action underlying

the § 1983 claim was part of the municipality's policy or custom. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694 (1978). More explicitly, a plaintiff must show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388–389 (1989) (the policy or custom must be the "moving force" behind the constitutional violation). "Where a plaintiff claims that the municipality has not directly inflicted injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable for the actions of its employee." *Bd. Of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 405 (1997). For the purposes of this motion, the policies of Lake Stevens PD are considered the policies of the City itself.

To successfully implicate the § 1983 liability of the City, Plaintiff needs to show that Henderson's use of force "violated the Constitution, and that city policy caused the unconstitutional application of force *in this instance*." *Chew v. Gates*, 27 F.3d 1432, 1444 n.12 (9th Cir. 1994) (emphasis added). However, Plaintiff fails to show how Lake Stevens PD's policies or customs caused the alleged Fourth Amendment violations, even when the facts are viewed in a light most favorable to him. While Plaintiff devotes much time and effort applying various Fourth Amendment precedents to argue that Henderson used excessive force (Pl.'s Resp. 6–12 (Dkt. No. 18)), he never develops a coherent theory of how the policies or customs of the Lake Stevens PD directly caused the alleged deprivation.[1]

---

[1] Plaintiff does not argue, beyond a short conclusory assertion (Pl.'s Resp. 13 (Dkt. No. 18)), that the City is liable due to its omissions under the "failure to train" or "deliberate indifference" theory. *See, e.g., City of Canton, Ohio v. Harris*, 489 U.S. at 388 (a municipality's deliberate indifference, rather than overt policy or custom, can "cause" a constitutional violation, implicating its liability). However, Plaintiff would not prevail on this theory, as there is ample evidence on the record that the Lake Stevens PD's policies did not reflect the required "deliberate indifference" to the rights of persons with whom the police come into contact. *Id.*; (*see, e.g.*, Celori Decl. (Dkt No. 16).)

ORDER
PAGE - 3

1   Even if it were true that Lake Stevens PD's use of force policy does not have language that explicitly comports with the contours of the Fourth Amendment, this still does not explain how the use of force policy drove Henderson to commit the alleged deprivation. Because Plaintiff has failed to show the required causation, there is no issue of material fact related to the § 1983 liability of the City, and summary dismissal of the Plaintiff's § 1983 claims against this defendant is proper.

### C. Plaintiff Has Not Shown That He Presents a Recognized Negligence Claim.

Plaintiff alleges that Henderson and the City are liable for negligence stemming from Henderson's actions but fails to articulate a recognized theory of negligence that supports his claims.[2] (Compl. ¶¶ 42–45 (Dkt. No. 1 at 7).) Washington's public duty doctrine provides that "no liability may be imposed for a public official's negligent conduct unless it is shown that the duty breached was owed to the injured person as an individual and was not merely the breach of an obligation owed to the public in general". *Taylor v. Stevens Cy.*, 759 P.2d 447, 449–450 (Wash. 1988) (internal citations omitted).

Washington recognizes four situations in which a public officer owes a duty to an individual or individuals rather than the public at large[3], but Plaintiff has failed to show that such a duty arises during the arrest of a suspected criminal. Plaintiff cites several cases whose facts gave rise to a recognized exception to the public duty doctrine but fails to explain why the exceptions presented in those cases can or should be extended to include the circumstances at bar. (Pl.'s Resp. 14–15 (Dkt. No. 18).) In short, plaintiff has failed to show that Washington recognizes something like a "negligent arrest" theory, and thus has failed to show the existence of a material fact related to his negligence claim. Summary dismissal of the Plaintiff's negligence claims is proper.

---

[2] Plaintiff does not state a claim for False Arrest, *see Bender v. City of Seattle*, 664 P.2d 492 (Wash. 1983), so the Court will only consider the distinct negligence claim.
[3] *See, e.g., Babcock v. Mason County Fire Dist. No. 6*, 30 P.3d 1268 (Wash. 2001).

ORDER
PAGE - 4

### III. CONCLUSION

For the foregoing reasons, Defendant City of Lake Stevens' Motion for Summary Judgment (Dkt. No. 15) is GRANTED in its entirety.

DATED this 19th day of January, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE